# NOURSE *vs.* SNOW.

Where the defendant contracted to carry fifty tons of the plaintiff's hay to a distant port for sale ; the hay to be delivered at the ship's side ; and after receiving 24 tons on board, declined taking any more, because the ship was full ;—it was *held* that it was not necessary for the plaintiff, after this refusal, to tender the residue of the hay at the ship's side, in order to entitle himself to damages ;—and that the rule of damages was the difference between what the plaintiff in fact, received, or with due diligence and prudence might have obtained for the hay left in his hands, and the price at the port of destination, deducting freight and expenses.

THIS was an action of *assumpsit* for not carrying a quantity of hay in the defendant's ship.   The agreement set forth in the declaration, was for the transportation of fifty tons of hay from *Brewer* to *New-Orleans*, or the southern ports in *South Carolina* and *Georgia*, at nine dollars per ton if the hay sold well ; but at any rate at eight dollars ; the hay to be delivered at the ship's side.   The proof was from a witness adduced by the plaintiff, who testified to the admissions of the defendant that he had agreed to carry the hay for the plaintiff ; that he was going to seek for freight ; that he spoke of going to *Charleston* or *Savannah*, possibly ; but thought he should go to *New Orleans* ; to which latter port he did in fact go ;—that he was to have nine dollars per ton for freight, if the hay did well ; otherwise eight dollars.

It further appeared that the plaintiff screwed and had ready fifty tons of hay, part of which was in a factory, within a few rods of the ship, and the residue in a barn nearly a mile distant.   The plaintiff procured men to deliver all the hay alongside the ship, as fast as it could be received ; of which the defendant was notified ; and was

requested, each morning, to state the quantity he could receive for the day, that none might be unnecessarily exposed to the weather. After the defendant had received about twentyfour tons on board, he directed the plaintiff's men not to bring any more, the ship being full.

The counsel for the defendant hereupon contended that to entitle the plaintiff to recover, he should have tendered the residue of the fifty tons, alongside the ship. But *Weston J.* before whom the cause was tried, ruled that he had done all that in this respect was necessary. It was further contended for the defendant, that the true measure of damages was the difference between the price of the hay at *Brewer,* which was from ten to fourteen dollars per ton, and the price at *New Orleans,* where it produced fifteen dollars and fifty cents per ton, clear of charges. But the Judge instructed the jury that the defendant was bound to indemnify the plaintiff for all he had lost by the breach of the contract on his part ; and that they should by their verdict place the plaintiff in as good a situation as he would have been in, had the defendant performed what he undertook :—that the plaintiff must, in the first place be held accountable for all which, in the exercise of due diligence and prudence, he might have obtained, or did in fact obtain, for the hay left upon his hands ; and that he was entitled to so much as this sum fell short of what might have been realized at *New Orleans,* deducting expenses ; with interest from the date of the writ. And they returned a verdict for the plaintiff according to these instructions ; which was taken subject to the opinion of the court upon the correctness of the Judge's decision.

*Allen, Kent* and *Rogers,* for the defendant, to the point of variance between the contract laid, and the contract proved, cited *Penny v. Porter,* 2 *East* 2 ; *White v. Wilson,* 2 *B. & P.* 116 ; 2 *Stark.* 83 ; *Yelv.* 57, *note* ; *Bristow v. Wright, Doug.* 665 ; *Churchill v. Wilkins,* 1 *D. & E.* 447 ; *Robbins v. Otis,* 1 *Pick.* 368 ; *Goulding v. Skinner, ib.* 162 ; *Cunningham v. Kimball,* 7 *Mass.* 65 ; 4 *D. & E.* 687.

To the point that it was the duty of the plaintiff to have tendered

the hay at the side of the vessel, where alone the defendant agreed to receive it, they cited *Waterhouse v. Skinner*, 2 *B. & P.* 447 ; *Rawson v. Johnson*, 1 *East* 203 ; *West v. Emmons*, 5 *Johns.* 179.

And as to the rule of damages, they referred to *Bracket v. Mc Nair*, 14 *Johns.* 170.

*Brown* and *Sprague*, for the plaintiff.

MELLEN C. J. delivered the opinion of the Court.

Comparing the contract as set forth in the writ, with the testimony of the plaintiff's witness, which the jury have found to prove a contract on the part of the defendant for the transportation of the hay in question, we do not perceive any variance either as to the places of destination, or the stipulated amount of freight.　Nor do we think that a tender of the residue of the hay alongside the vessel, was necessary to enable the plaintiff to maintain this action.　It would have been a useless trouble and expense, after the defendant had expressly directed that no more should be brought, because the vessel was full.　By this language and conduct on his part, he excused the plaintiff from the formality of a tender.　Cases are numerous to this point.　As to the question of damages, the instruction of the Judge was perfectly correct.　The plaintiff was entitled to be placed in the same situation, in a pecuniary point of view, as he would have been in, if the defendant had honestly performed his engagement.

*Judgment on the verdict.*